IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

NO. 14-2244

MICHAEL JOSEPH SELLERS,

Appellant-Plaintiff,

v.

DEERE & COMPANY a/k/a JOHN DEERE COMPANY, and
CLYDE D'CRUZ, individually,

Appellees-Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
HONORABLE JON STUART SCOLES
UNITED STATES CHIEF MAGISTRATE JUDGE

**APPELLANT'S REPLY BRIEF**

Gregory T. Racette
Patrick T. Vint
Amy B. Pellegrin
HOPKINS & HUEBNER, P.C.
2700 Grand Avenue, Suite 111
Des Moines, IA 50312
Telephone: (515) 244-0111
Facsimile: (515) 244-8935
gracette@hhlawpc.com
pvint@hhlawpc.com
apellegrin@hhlawpc.com

ATTORNEYS FOR APPELLANT

# TABLE OF CONTENTS

**PAGES**

Table of Contents .............................................................................i

Table of Authorities.......................................................................iii

Argument........................................................................................1

    I.    Defendants' Waiver Arguments Are Without Legal Authority....1

        A. Exhaustion of Administrative Remedies ................................1

        B. Adverse Employment Action....................................................3

        C. Facts Related to Sellers's Workload ........................................4

        D. Direct Evidence v. *McDonnell-Douglas*..................................5

        E. Disability.................................................................................7

    II.    Defendants' Own Arguments Highlight the Genuine Issues of Material Fact ..................................................................................................8

        A. Adverse Employment Action....................................................8

           1. Sellers's "failure to promote" or "demotion" constitutes an adverse employment action. ...............................................8

           2. Sellers's increase in workload constitutes an adverse employment action.................................................................9

           3. Sellers properly administratively exhausted his claims for age discrimination. ..................................................................14

Appellate Case: 14-2244    Page: 2    Date Filed: 09/09/2014 Entry ID: 4194757

B. Direct Evidence ................................................................... 16

C. Disability ............................................................................. 17

D. Retaliation .......................................................................... 18

E. Hostile Work Environment .................................................. 19

Conclusion .................................................................................. 20

Appellate Case: 14-2244    Page: 3    Date Filed: 09/09/2014 Entry ID: 4194757

# **TABLE OF AUTHORITIES**

## **Cases**

*Anderson v. Block*, 807 F.2d 145 (8th Cir. 1986)...........................................15

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986))......................................................................................................4

*Churchill Business Credit, Inc. v. Pacific Mut. Door Co.*, 49 F.3d 1334 (8th Cir. 1995).......................................................................................................11

*Cossette v. Minn. Power & Light*, 188 F.3d 964 (8th Cir. 1999)...................10

*Elder-Keep v. Aksamit*, 460 F.3d 979 (8th Cir. 2006)....................................11

*Farmland Foods, Inc. v. Dubuque Human Rights Comm'n*, 672 N.W.2d 733 (Iowa 2003) ...........................................................................................................16

*Financial Timing Publ. v. Compugraphic Corp.*, 893 F.2d 936 (8th Cir. 1990) ........................................................................................................................11

*Floyd-Gimon v. Univ. of Ark. for Med. Sciences*, 716 F.3d 1141 (8th Cir. 2013) ....................................................................................................................6–7, 7

*Hulme v. Barrett*, 480 N.W.2d 40 (Iowa 1992) ............................................19

*Jackman v. Fifth Judicial Dist. Dept. of Correctional Services*, 728 F.3d 800 (8th Cir. 2013).....................................................................................................14

*Mays v. Rhodes*, 255 F.3d 644 (8th Cir. 2001)..............................................11

*Menz v. Procter & Gamble Health Care Plan*, 520 F.3d 865 (8th Cir. 2008).5

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) ......................16

*Parisi v. Boeing Co.*, 400 F.3d 583 (8th Cir. 2005) ...........................14–15, 15

*Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847 (8th Cir. 2012)..............15

*Satcher v. Bd. of Trustees of Univ. of Ark.*, No. 5:04CV00317 (E.D. Ark. Apr. 1, 2008) (unpublished)...................................................................................2, 3

*Satcher v. University of Arkansas at Pine Bluff Board of Trustees*, 558 F.3d 731 (8th Cir. 2009) ......................................................................................2, 3, 4, 8

*Spears v. Missouri Dept. of Corrections and Human Resources*, 210 F.3d 850 (8th Cir. 2000)....................................................................................................... 10

*Torgeson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011).................5, 16

*Wallace v. DTG Operations, Inc.*, 442 F.3d 1112 (8th Cir. 2006)................ 18

*Wallace v. Interbake Foods, LLC*, 973 F.Supp.2d 1067 (D. S.D. 2013) ...... 15

*Woods v. Perry*, 375 F.3d 671, 674 n. 2 (8th Cir. 2004)...................................5

Appellate Case: 14-2244    Page: 5    Date Filed: 09/09/2014 Entry ID: 4194757

# ARGUMENT

The Defendants in this matter attempt to muddy the issues presented to this Court on appeal by making unsupported legal arguments that Sellers has waived various issues. Once these distractions are eliminated, it becomes clear that the Defendants' only substantive arguments become requests for the Court to make material factual determinations and weigh evidence. This Court is aware that summary judgment is the improper mechanism for determining material fact issues, the credibility of witnesses, or to weigh evidence; these material issues must be decided by a jury. Defendants' own appeal argument makes it clear summary judgment was inappropriately granted by the District Court and the Eighth Circuit Court of Appeals should reverse and remand.

## I. Defendants' Waiver Arguments Are Without Legal Authority

In their Brief on appeal, Defendants repeatedly assert that Sellers has waived a number of issues. However, upon a closer look at the scant legal authority relied upon by Defendants for these arguments, these assertions lack any merit and are incorrect statements of the law and of the holdings of those authorities as applied to the instant case.

### A. Exhaustion of Administrative Remedies

Defendants first assert that Sellers somehow waived his right to argue an issue Defendants raise on appeal: exhaustion of administrative remedies. Def. Appeal

1

Br. p. 17. Defendants argue that Sellers failed to oppose this same issue in the District Court proceedings, and thus, Sellers waived the right to now argue this issue on appeal in reply to Defendants' brief. *Id.* Defendants rely on *Satcher v. University of Arkansas at Pine Bluff Board of Trustees*, 558 F.3d 731, 734–35 (8th Cir. 2009) to support this assertion.

Defendants in this instant matter inappropriately attempt to select language from the *Satcher* case that fits this concocted waiver argument but instead, present a misstatement of both the law and the facts. First, in *Satcher*, the issues deemed "waived" were all issues specifically ruled on by the District Court that Satcher himself then specifically raised on appeal. *Satcher v. Bd. of Trustees of Univ. of Ark.*, No. 5:04CV00317, *13–15 (E.D. Ark. Apr. 1, 2008) (unpublished). In the instant matter, the District Court did not make any rulings with regard to the allegation that Sellers failed to administratively exhaust his remedies. App. 36. Thus, the District Court did not determine that Sellers failed to exhaust his administrative remedies, nor did it rule that summary judgment was appropriate because Sellers had waived this issue as Defendants contend.

The Eighth Circuit mentions in *Satcher* that the Plaintiff has waived his right to argue issues on appeal that he failed to oppose in the District Court. *Satcher*, 558 F.3d at 734. However, in *Satcher*, the Plaintiff failed to file <u>any</u> resistance or brief in resistance to the Defendant's Motion for Summary Judgment. *Satcher*, No.

2

5:04CV00317, at *1. Rather, the Plaintiff only filed a "Motion for Partial Summary Judgment" with a statement of disputed and undisputed facts supporting this motion. *Id.* On appeal, the Plaintiff then argued issues decided by District Court that he never resisted. *See Satcher*, 558 F.3d at 734–35. It is these issues that the Eighth Circuit deemed waived. *Id.* at 735.

In contrast to *Satcher*, Sellers resisted and provided a full record related to the facts surrounding the exhaustion of his administrative remedies. App. 3, 116–17, 1157–58, 1307–1328. Furthermore, Sellers is not raising issues on appeal that he did not raise at District Court; rather, *Defendants* are re-raising an issue from the District Court that was not ruled upon by that court. Defendants mischaracterize *Satcher* and make the far-reaching assertion that Sellers is precluded from responding to the issue of exhaustion of administrative remedies in this Reply. Such an application of *Satcher* is misplaced and an erroneous interpretation of *Satcher*'s actual holding.[1]

B. Adverse Employment Action

Defendants make the argument that Sellers failed to argue how his complaints amount to an adverse employment action in the District Court proceedings, and thus, this is waived on appeal. Def. Appeal Br. p. 18–19. Again, Defendants rely

---

[1] It should be noted that the Eighth Circuit determined Satcher's case on the merits, not on the grounds of waiver. *Satcher*, 558 F.3d at 735.

on the *Satcher* case. Suspiciously, this is the <u>only</u> legal authority cited in support of this argument.

As aforementioned in Section IA of this Reply Brief, *Satcher* does not hold what Defendants are inappropriately claiming it does. Furthermore, the procedural facts surrounding the *Satcher* case are drastically different than the instant matter, making the two incomparable.

In reality, *Satcher* points to *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) to explain the proper standard Satcher should have put forth in resistance to the summary judgment motion, requiring him to "set forth specific facts showing that there is a genuine issue for trial." *Satcher*, 558 F.3d at 734–35. In reviewing the voluminous record in this matter, there is no question Sellers provided such, including the specific issue of adverse employment action, and to assert otherwise is preposterous.

C. <u>Facts Related to Sellers's Workload</u>

Defendants next contend that Sellers "waived" raising facts related to his assertion he suffered an adverse employment action as a result of an extreme increase in workload because these facts were not specifically mentioned in the District Court brief or statement of contested facts. Def. Appeal Br. p. 24 (planner duties), p. 26 (enterprise wide capability planning). These facts were contained

4

within the record before the District Court. *See* App. 1311–12. Additionally, Defendants cite no legal authority that actually supports their assertion.

Defendants rely on a single case that they contend indirectly supports this waiver argument. Def. Appeal Br. p. 24 (citing *See Menz v. Procter & Gamble Health Care Plan*, 520 F.3d 865, 868 (8th Cir. 2008)). Yet, *Menz* contains no holdings that a fact contained in the record before the District Court is "waived" from being discussed on appeal if not specifically identified in the lower court brief or statement of facts. *See Menz*, 520 F.3d at 869. Rather, *Menz* holds that an *issue* not raised before the District Court is waived on appeal, not a fact supporting an issue. *Id* (citing *Woods v. Perry*, 375 F.3d 671, 674 n. 2 (8th Cir. 2004) ("On appeal, Woods raises a new issue . . . Woods waived this issue by not raising it below.") (abrogated on other grounds by *Torgeson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011)).

Accordingly, Defendants' absurd argument Sellers cannot point to additional facts in the record to support his claim that he suffered from an adverse employment action—an issue raised and argued before the District Court—fails. Defendants' attempt to point to inapplicable case law to support this contention is misleading at best.

Appellate Case: 14-2244    Page: 10    Date Filed: 09/09/2014 Entry ID: 4194757

## D. Direct Evidence v. *McDonnell Douglas*

Defendants also assert Sellers has waived any analysis under the *McDonnell Douglas* framework beyond the issue appealed herein. Def. Appeal Br. p. 30. The District Court made two separate rulings with regard to his claim for age discrimination: (i) whether Sellers presented direct evidence and (ii) whether Sellers established an adverse employment action under the *McDonnell Douglas* framework. App. 1625 (direct evidence), 1629 (adverse employment action under *McDonnell Douglas*). Sellers appealed these separate issues ruled upon by the District Court since these would be the only "issues" available to Sellers to appeal as it relates to Sellers's claim for age discrimination.

Defendants' argument on appeal that Sellers did not re-argue his entire case to the Eighth Circuit—beyond what the District Court ruled on—is illogical. If true, this argument would then require every appellant to re-argue its entire case in every appeal, no matter what the precise issues ruled on by the District Court actually were. Although the Eighth Circuit may make a decision on any ground in the record, this discretionary act does not result in the requirement of an appellant to raise every possible issue at the outset of its appeal or risk "waiver" as Defendants allege.

Defendants once again cite to a single legal authority in support of this argument, *Floyd-Gimon v. Univ. of Ark. for Med. Sciences*, 716 F.3d 1141, 1151

6

(8th Cir. 2013). As seems to be the trend of Defendants' arguments on appeal, a review of this case reveals it does not hold what Defendants claim it does. In *Floyd-Gimon*, the Plaintiff failed to raise an issue in its original brief <u>that had been ruled upon by the District Court</u>. *Id.* ("Floyd-Gimon does not challenge <u>the district court's conclusion</u> that the male employees . . . were not similarly situated") (emphasis added). In the instant case, the District Court ended its analysis of the *McDonnell Douglas* framework once it ruled Sellers had not suffered an adverse employment action. App. 1629. Accordingly, there were not any further conclusions by the District Court within its discussion of *McDonnell Douglas* which would have required Sellers raise them at the outset of this appeal in order to preserve waiver as *Floyd-Gimon* holds. Therefore, Sellers has not waived any issues surrounding the entirety of the *McDonnell Douglas* framework analysis that remains in the record before this Court.

E.  Disability

Defendants also assert that Sellers "waived" his ability to argue his disability affected one or more major life activities. Def. Appeal Br. p. 37. Once again, Defendants rely on their misplaced understanding of *Satcher* to make this contention. As aforementioned in Section IA and IB of this Reply Brief, *Satcher* describes the event of waiver as it relates to <u>issues</u> decided by the Court that the Plaintiff failed to resist, not facts surrounding the issue that are contained within

7

the record.  *See Satcher*, 558 F.3d at 734–35.  For the same reasons described previously, Defendants mischaracterize *Satcher* and this argument must fail.

## II.     Defendants' Own Arguments Highlight the Genuine Issues of Material Facts

Once the Court is able to sift through Defendants' numerous unsupported and misleading legal arguments, the Court is left only with arguments made by Defendants that do not support an affirmation of summary judgment, but, rather, highlight the number of genuine issues of material fact that exist throughout this record.

A. Adverse Employment Action

1. Sellers's "failure to promote" or "demotion" constitutes an adverse employment action.

Defendants devote significant effort pointing out all of the areas of the record where Sellers was described as a Process Pro, as well as the number of times Sellers "admits" to being a Process Pro.  Def. Appeal Br. pp. 20–22.  Defendants are only supporting Sellers's own argument by doing so:  Sellers was performing the job duties of the Process Pro.  He agrees with this statement and Defendants have provided the Court with a convenient list of the areas in the record where he does so.  Def. Appeal Br. p. 21–22.

8

Yet, despite this, Sellers was mapped to a Supply Management Specialist III position under GJE. App. 875 (2004 Performance Evaluation, GJE Title: "Supply Management Specialist III"); App. 522 (2005 Performance Evaluation, GJE Title: "Supply Management Specialist III"). As Defendants have exhaustively explained, GJE is a "systematic process for creating a hierarchy of jobs *based on their content* . . . ." App. 702 (emphasis added). The GJE job title was linked to a job grade (pay) and a job description which described the major duties of the job. It is undisputed that Sellers was not performing the work described by GJE job title, Supply Management Specialist III, despite John Deere's own internal records which show this title as the one assigned to Sellers.

Despite Defendants' efforts, it is not appropriate at summary judgment to make a factual determination as to whether or not Sellers was in fact a Process Pro or a Supply Management Specialist III in light of the conflicting testimony and records. Because these job titles are directly linked to job responsibilities, compensation, and future promotional opportunities, Defendants' own arguments make it clear that a genuine issue of a material fact exists in relation to this issue. Accordingly, summary judgment was not appropriate.

2. Sellers's increase in workload constitutes an adverse employment action.

Defendants attempt to isolate single facts they believe are advantageous to their argument when viewed in the light most favorable to them, despite this being

9

contrary to the proper legal standard applicable herein. Defendants' long-winded "explanations" of facts do nothing but show the number of material fact issues that exist that must be determined by a jury.

First, Defendants offer commentary about Sellers's description of his workload as an "extravagant claim" and "hyperbolic." Def. App. Br. p. 22, 28. And, in fact, as Defendants point out, the "three to four full time positions" Sellers was attempting to juggle would amount to up to 24 to 32 hour days. Def. App. Br. p. 22. This further supports Sellers's claim that this change in workload amounted to an adverse employment action as it relates to a change in conditions as to the hours worked and the duties performed.[2] *See Spears v. Missouri Dept. of Corrections and Human Resources*, 210 F.3d 850, 852 (8th Cir. 2000) (citing *Cossette v. Minn. Power & Light*, 188 F.3d 964, 972 (8th Cir. 1999)) (holding an adverse employment action is a tangible change in working conditions that produces a material employment disadvantage). And while Defendants may opine this is "extravagant," summary judgment is not the appropriate mechanism to be determining this fact issue.

Sellers has provided specific evidence as to the job duties he undertook that support his claim, including the various additional job duties as well as the changes

---

[2] This also adds credence to the fact that, after attempting to manage these multiple jobs, he was unable to keep up and it resulted in a mental spiral out of control necessitating psychiatric care. The damage has continued, and he still receives psychiatric care and remains medicated to date.

in his hours as a result of these duties.  App. 1311–12.  Defendants argue that this

document—a March 29, 2005 letter to the EEOC authored by Sellers—may not be

relied upon.  Defendants, again, cite to legal authorities which, upon a proper

reading, are clearly distinguishable and inapplicable here.[3]  Rather, a party

opposing a motion for summary judgment must simply "show that admissible

evidence will be available at trial to establish a genuine issue of material fact."

*Churchill Business Credit, Inc. v. Pacific Mut. Door Co.*, 49 F.3d 1334, 1337 (8th

Cir. 1995) (quoting *Financial Timing Publ. v. Compugraphic Corp.*, 893 F.2d 936,

942 (8th Cir. 1990)).  To the extent that Defendants assert this correspondence

document constitutes hearsay or an "unsworn affidavit", Sellers has testified that

he prepared this document and authenticated it.  *See* App. 508 (referenced as

Exhibit 1003).

The majority of Defendants' argument focuses on specific facts and improperly

argues these facts rather than asserting no material fact issues are present.  As such,

Defendants simply highlight the conflicting evidence related to Sellers's workload,

---

[3]      Defendants cite to *Mays v. Rhodes*, 255 F.3d 644 (8th Cir. 2001) and *Elder-Keep v. Aksamit*, 460 F.3d 979 (8th Cir. 2006) to support their contention that the 3-29-05 letter by Sellers constitutes an "unsworn affidavit" and as a result, may be disregarded by the court.  In *Mays*, the Plaintiff relies on an "unsigned, handwritten account of the events [. . .] which [Plaintiff] contends is from an inmate who witnessed the events."  *Mays*, 255 F.3d at 648.  In *Elder-Keep*, Plaintiff submitted affidavits that lacked signatures.  *Elder-Keep*, 460 F.3d at 984.  Clearly, the document prepared by Sellers which has been testified to as prepared by him and authenticated is not comparable to the documents disregarded by the courts in Defendants' cited cases.

11

indicating further that summary judgment is inappropriate in light of these genuine issues of material facts.

Defendants first point out that Jerauld's deposition testimony conflicts with Sellers's version of events as it relates to his task to cover Trudy Baird's position in addition to his own duties as Process Pro. Def. Appeal Br. p. 23–24. Sellers describes his duties as lasting between December until June in 2003/2004 and took about eight hours per day. App. 1311. Defendants are seemingly requesting the Court weigh evidence and determine this fact issue by presenting Jerauld's testimony as being more reliable than Sellers's version of events. This issue is material as it relates to Sellers's contention that his workload constituted a tangible change due to the additional duties assigned and the hours worked. Accordingly, summary judgment is inappropriate.

Defendants then spend over two pages debating whether Sellers in fact took over the planner duties of Emily Delagardelle. Def. App. Br. pp. 24–26. While Sellers may have admittedly been less than clear in his explanation, his statements were not inconsistent. Mitch Munson took over Delgardelle's planner duties for a short while as he was under Sellers's supervision as a part-time student. App. 1311. However, later in that year (2004), Munson's contract expired and was not renewed; resulting in Sellers's covering these duties. App. 1312. Again, this is a material fact issue that should be determined by a jury.

12

Finally, Defendants debate whether Sellers supported "enterprise wide capability planning." Def. App. Br. 26–27. Sellers did not rely on Jerauld's testimony to show that he undertook the duty as Defendants' allege. *See* Def. App. Br. 27. Rather, Jerauld—Sellers's direct supervisor—had never heard of this duty and thus her testimony logically supports Sellers's assertion that this was not a part of his normal job duties of a Process Pro. Sellers noted this job duty himself as occurring amidst the number of other additional duties he undertook on top of his Process Pro duties. App. 1312.

Defendants continuously point out that the Process Pro position was "fluid and dynamic" and Sellers has agreed with this statement. Yet, there is clearly a genuine fact issue as to what this meant, how this is defined, and what exactly Sellers's job duties were. Sellers and Jerauld's versions of events conflict as to what duties he was performing, how many hours these duties took, and whether these duties were a part of his "normal" job or whether they constituted a change in conditions. All of these issues are material to whether Sellers suffered an adverse employment action.

Furthermore, Defendants allege that, even if true, none of the relied upon examples of Sellers's changes in working conditions to take on additional duties amounts to an adverse employment action. Defendants attempt to highlight each change in Sellers's job as an isolated incident rather than the simultaneous

13

overload that it was. The change in duties and significant increase in hours required of Sellers amount to an adverse employment action. *Jackman v. Fifth Judicial Dist. Dept. of Correctional Services*, 728 F.3d 800, 804 (8th Cir. 2013) ("a change in employment that significantly affects an employee's future career prospects" is an adverse employment action). Accordingly, summary judgment is inappropriate.

3. Sellers properly administratively exhausted his claims for age discrimination.

Defendants contend Sellers failed to administratively exhaust his remedies as it relates to his claim for age discrimination. Def. Appeal Br. p. 13. Specifically, Defendants assert Sellers did not properly exhaust his age discrimination claim because he did not specifically state in his complaint with the EEOC that he believed he was demoted under GJE. *Id*. Defendants' legal argument supporting this assertion is without merit.

Sellers administratively exhausted his claim for age discrimination by making his timely complaint with the EEOC for this discrete act. App. 540–41. Defendants claim that he was required to list each and every example of age discrimination within his complaint is not supported by the law so long as those acts are not time-barred. *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) ("The claims of employment discrimination in the complaint may be as broad as

14

the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge"); *Anderson v. Block*, 807 F.2d 145, 148 (8th Cir. 1986) ("[P]laintiff will be deemed to have exhausted administrative remedies if the allegations of the judicial complaint are like or reasonably related to the administrative charges"); *Wallace v. Interbake Foods, LLC*, 973 F.Supp.2d 1067 (D. S.D. 2013) ("Once administrative remedies are exhausted, the plaintiff can bring his or her "employment-discrimination claim, along with allegations that are like or reasonably related to that claim." (quoting *Parisi*, 400 F.3d at 585).

Defendants rely on *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847 (8th Cir. 2012) to support their assertion. However, in *Richter*, the discrete employment act that the Court determined had not been administratively exhausted was retaliation, compared to her charged complaints of sex and race discrimination. *Richter*, 686 F.3d at 851 ("These are two discrete acts of alleged discrimination—one in violation of 42 U.S.C. § 2000e-2(a), one in violation of § 2000e-3(a). Each discrete act is a different unlawful employment practice for which a separate charge is required."). This holding does not stretch to support Defendants' argument that timely *examples* of a discrete discriminatory act—here, age discrimination—must be specifically included in the complaint in order to be exhausted. Defendants also point to two other cases that are likewise easily distinguishable and do not stand for the premise Defendants' are claiming here.

15

*See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (precluding acts that are time-barred); *Farmland Foods, Inc. v. Dubuque Human Rights Comm'n*, 672 N.W.2d 733, 740–41 (Iowa 2003) (precluding acts that are time-barred).

Sellers's claim for age discrimination based on the effects of GJE are reasonably related to his complaint and certainly were included in the EEOC investigation in order to deem them properly exhausted.

B. <u>Direct Evidence</u>

Sellers asserts on appeal that he presented direct evidence of age discrimination as laid out in his initial brief. Pl. Br. p. 33–38. Defendants' attempt to isolate D'Cruz's comments or break them down into just fractions of the entire actual comment is an inaccurate portrayal of the evidence presented. Def. Appeal Br. p. 30 (referencing "old farts" when the statements made were, "We need to get these old farts out of here."). When viewed as a whole and in the light most favorable to Sellers, the necessary specific link exists: D'Cruz voiced his intention to eliminate older employees from his department to Sellers directly and systematically acted on this repeated mantra until Sellers himself fell victim in 2004–2005. His comments coupled with his actions rise to the standard necessary that a reasonable fact-finder would find that the bias motivated the action. *See Torgeson v. City of Rochester*, 643 F.3d 1031, 1045–46 (8th Cir. 2011) (holding that a comment by a

16

decision maker must show a "specific link of discriminatory bias and the adverse employment action").

## C. Disability

Defendants make the same errors the District Court made—misstating Sellers's reliance on medical records as indicating the diagnosis alone supports his assertion he suffered from a disability as defined by the ADA. Def. Appeal Br. p. 38–39. Although the diagnosis by itself cannot establish a disability, certainly the reported difficulties within those records are evidence of the problems substantially limiting major life activities by Sellers at that time.

Sellers was denied reasonable accommodations beginning in December of 2004, the same time period he personally informed Daria Jerauld, his supervisor, that he was suffering from a disability. *See* App. 1314. It was after she learned of his disability and his request to use conference rooms that she forbid him from using these rooms despite this being a reasonable request. *See id.* She then bombarded him with additional work, knowing he was amidst a psychological collapse including demanding deadlines within just days of taking away his right to use the conference rooms and assigning him an entirely new job. *See id.* Her actions constituted an adverse employment action as this was a tangible change in working conditions. Since Sellers and Jerauld (as well as D'Cruz) conflict on their version of events surrounding the issue of the conference rooms, conversations

17

about Sellers's disability, refusal to put assignments in writing, and the duties assigned to Sellers, these are genuine issues of material facts that must be determined by a jury.

D. Retaliation

Sellers's conversations with D'Cruz about his comments constituting age discrimination should qualify as protected conduct. Although Defendants attempt to diminish Sellers's comments as being only "polite" and "suggestions," these characterizations ignore the obvious difficulties and rare event where an employee directly approaches his supervisor face-to-face in order to offer his opinion he should change his discriminatory attitude. The law does not require that these comments be made in a certain tone in order to be protected. *See Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1118 (8th Cir. 2006) (holding an employer may not take adverse action against an employee because the employee "has opposed" any practice made an unlawful employment practice). To hold an employee who feels comfortable enough to confront a supervisor in person—as Sellers did here— is required to be brash or mean or impolite in his opposition in order to be "protected" is ludicrous. Defendants' play on semantics in this regard should fail.

Defendants seem to assert that Sellers could not offer adverse employment actions that were the result of D'Cruz's clear discriminatory animus toward older employees and because he opposed these discriminatory practices. *See* Def.

18

Appeal Br. p. 48–49. Yet, Defendants' own brief points to the "significant factor" standard applicable in the ICRA. *See Hulme v. Barrett*, 480 N.W.2d 40, 42 (Iowa 1992). An employer who takes adverse actions against an employee due to two factors: <u>both</u> because he is older and because he opposed discriminatory practices certainly is still unlawful and satisfies the "significant factor" standard. Further, genuine issues of material fact exist surrounding Sellers's adverse employment actions, including whether these actions were because of his age or his choice to oppose D'Cruz's discriminatory ways. Certainly, for the aforementioned reasons, Sellers has suffered from adverse employment actions; the question of whether it was due to one unlawful basis or another should not be the basis for summary judgment.

E. Hostile Work Environment

Genuine issues of material fact exist with regard to Sellers's hostile work environment claim. Defendants and the District Court alike both minimize Sellers's complaints as falling short of a hostile work environment due to not being severe or pervasive enough. *See* Def. Appeal Br. p. 50. Yet, the question of whether something is severe or not is a subjective analysis; one creating genuine issues of material fact since Sellers's own recount of the events is so severe it resulted in a diagnosis of post-traumatic stress disorder. Summary judgment was inappropriate in this regard.

## **CONCLUSION**

Defendants' own arguments highlight the number of genuine issues of material fact that exist in Sellers's claims. Accordingly, summary judgment was inappropriate in this matter and Sellers's respectfully requests the Eighth Circuit Court of Appeals reverse and remand.

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(a)(7)

This Brief contains 4,648 words, excluding the parts of the Brief exempted by Fed. R. App. P. § 32(a)(7)(B)(iii), and therefore is within the words allowed by Fed. R. App. P. § 32(a)(7)(B)(ii).

This Brief complies with the typeface requirements of Fed R. App. P. 32(a)(5) and the typeface requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman font, 14 point.

Respectfully submitted:

HOPKINS & HUEBNER, P.C.

By  /s/ Amy B. Pellegrin
    Amy B. Pellegrin
    2700 Grand Avenue, Suite 111
    Des Moines, IA 50312
    Telephone: (515) 244-0111
    Facsimile: (515) 244-8935
    apellegrin@hhlawpc.com

ATTORNEY FOR APPELLANTS

Appellate Case: 14-2244    Page: 26    Date Filed: 09/09/2014 Entry ID: 4194757

## PROOF OF SERVICE AND CERTIFICATE OF FILING

I certify that on the ___ day of ____, 2014, I served this document by mailing two (2) copies to all other parties in this matter at their respective addresses shown below pursuant to 8th Cir. R. 28A(a):

> Frank Harty
> Angel A. West
> Debra L. Hulett
> Frances M. Haas
> Ryan W. Leemkuil
> NYEMASTER GOODE, P.C.
> 700 Walnut Street, Suite 1600
> Des Moines, IA 50309-3899
> ATTORNEYS FOR APPELLEES

I further certify that I arranged for the filing of this Appellant's Brief on the ___ day of ____, 2014, in accordance with 8th Cir. R. 28A(a) by mailing ten (10) copies to the Clerk of Court, United States Court of Appeals, Eight Circuit, 111 South 10th Street, St. Louis, Missouri 63102.

Respectfully submitted:

HOPKINS & HUEBNER, P.C.

By_____
Amy B. Pellegrin
2700 Grand Avenue, Suite 111
Des Moines, IA 50312
Telephone: (515) 244-0111
Facsimile: (515) 244-8935
apellegrin@hhlawpc.com

ATTORNEY FOR APPELLANTS

Appellate Case: 14-2244   Page: 27   Date Filed: 09/09/2014 Entry ID: 4194757

## ATTORNEY'S COST CERTIFICATE

I hereby certify that the actual cost paid for the printing of the foregoing Appellant's Reply Brief was $_____.

Respectfully submitted:

HOPKINS & HUEBNER, P.C.

By_____
    Amy B. Pellegrin
    2700 Grand Avenue, Suite 111
    Des Moines, IA 50312
    Telephone: (515) 244-0111
    Facsimile: (515) 244-8935
    apellegrin@hhlawpc.com

ATTORNEY FOR APPELLANTS

## ATTORNEY'S SCAN FOR VIRUSES

I hereby certify that this Reply brief was scanned for viruses pursuant to 8th Cir. R. 28A(k) and are virus free.

By_/s/ Amy B. Pellegrin_____
    Amy B. Pellegrin
    2700 Grand Avenue, Suite 111
    Des Moines, IA 50312
    Telephone: (515) 244-0111
    Facsimile: (515) 244-8935
    apellegrin@hhlawpc.com

ATTORNEY FOR APPELLANTS

Appellate Case: 14-2244   Page: 28   Date Filed: 09/09/2014 Entry ID: 4194757